# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GWENDOLYN BROWN, as mother and next friend of AB, a minor, ) ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | Judge |
| v. ) | |
| ) | Magistrate Judge |
| UNKNOWN CHICAGO POLICE OFFICER. ) ) | |
| ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

**NOW COMES** the Plaintiff, GWENDOLYN BROWN, as mother and next friend of AB, a minor, by and through her attorneys, Erickson & Oppenheimer, complaining against the Defendants, UNKNOWN CHICAGO POLICE OFFICER ("Defendant Officer"), individually, as follows:

## INTRODUCTION

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of AB's rights under the Constitution of the United States.

## JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) AB is a minor and was a resident at the time of this incident age 16 of the Northern District of Illinois.

5) Gwendolyn Brown is the minor's mother and next friend. Gwendolyn Brown resides in the Northern District of Illinois.

6) The Defendant, Unknown Chicago Police Officer, was at all relevant times duly appointed police officers of the City of Chicago and at all relevant times was acting within the scope of employment and under color of law.

## FACTS

7) On or about March 9, 2018, AB was in the area of 72nd and Merrill Street in Chicago, Illinois.

8) Thereafter, without lawful justification or excuse the Defendant officer fired his gun at AB, striking and injuring him.

9) Said actions of the Defendant Officers were intentional, willful and wanton and/or committed with reckless indifference and disregard for AB's rights.

10) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

## COUNT II—EXCESSIVE FORCE (Section 1983)

11) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

12) The actions of the Defendant Officer as set forth hereto constitute excessive force against AB, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

13) As a direct and proximate consequence of the Defendant Officer's conduct, AB suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

   **WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officer, jointly and severally, for an award of reasonable compensatory and punitive damages, plus

## COUNT III – BATTERY (state law claim)

14) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

15) The conduct of the Defendant Officer resulted in offensive physical contact with AB made without his consent, thus constituting battery under Illinois law.

16) The Defendant Officer's actions proximately caused AB to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officer, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon Erickson

Erickson & Oppenheimer, Ltd.
223 West Jackson Blvd., Suite 200
Chicago, IL 60606
312-327-3370