# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANTHONY BROWN, ) | |
| ) | Case No.  18 CV 08011 |
| Plaintiff, ) | |
| ) | Judge Blakey |
| v. ) | |
| ) | Magistrate Judge Kim |
| ) | |
| OFFICER S. BRYANT (STAR# 4142) ) | JURY DEMAND |
| and the CITY OF CHICAGO ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

**NOW COMES** the Plaintiff, ANTHONY BROWN, by and through his attorney, Jon Erickson, complaining against the Defendants, Officer S. Bryant ("Defendant Officer"), individually, and the City of Chicago, a municipal corporation, as follows:

## INTRODUCTION

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Anthony Brown's rights under the Constitution of the United States.

## JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) Anthony Brown resides in the Northern District of Illinois.

1

5) The Defendant Officer Smith at all relevant times was a duly appointed police officer of the City of Chicago and at all relevant times was acting within the scope of employment and under color of law.

## FACTS

6) On or about March 9, 2018, Anthony Brown was in the area of 72nd and Merrill Street in Chicago, Illinois.

7) Thereafter, without lawful justification or excuse the Defendant officer fired his gun at Anthony Brown, striking and injuring him.

8) The bullet remains lodged between Anthony Brown's bladder and prostrate and is deemed too high risk to surgically to remove.

9) Said actions of the Defendant Officer were intentional, willful and wanton and/or committed with reckless indifference and disregard for Anthony Brown's rights.

10) Said actions of the Defendant Officer were objectively unreasonable under the circumstances.

## COUNT I—EXCESSIVE FORCE (Section 1983)

11) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

12) The actions of the Defendant Officer as set forth hereto constitute excessive force against Antony Brown, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

13) As a direct and proximate consequence of the Defendant Officer's conduct, Anthony Brown suffered damages, including without limitation violations of his constitutional rights, great bodily harm, permanent disfigurement, future medical damages, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officer, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II- BATTERY (state law claim)

14) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

15) The conduct of the Defendant Officer resulted in offensive physical contact with Anthony Brown made without his consent, thus constituting battery under Illinois law.

16) The Defendant Officer's actions proximately caused Anthony Brown to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officer, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III-INDEMNIFICATION

17) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

18) At all relevant times, Defendant City of Chicago was the employer of Defendant Bryant.

19) Defendant Bryant committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

20) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

21) As a proximate cause of the unlawful acts of Defendant Bryant, which occurred within the scope of his employment, Plaintiff was injured.

**WHEREFORE**, should the individual Defendant be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT IV-*RESPONDEAT SUPERIOR*

22) Each of the paragraphs above is incorporated by reference as though fully stated herein.

3

23) also committing the acts alleged in the preceding paragraphs, Defendant was an agent of the City of Chicago and was acting at all relevant times within the scope of his employment and under color of law.

24) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should the individual Defendant be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondent superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon Erickson

Erickson & Oppenheimer, Ltd.
223 West Jackson Blvd., Suite 612
Chicago, IL 60606
773-875-4646